UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOSEPH HUDSON,

       Plaintiff,                 CIVIL ACTION NO. 08-11273

    v.                              DISTRICT JUDGE ROBERT H. CLELAND

FEDERAL BUREAU OF PRISONS,     MAGISTRATE JUDGE VIRGINIA M. MORGAN

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff's Motion for Entry of Default and Default Judgment (D/E #12) For the reasons stated below, this Court recommends that plaintiff's motion be **DENIED**.

On March 25, 2008, plaintiff filed the complaint in this matter (D/E #1). In that complaint, plaintiff asserted that he is currently serving a thirty-eight (38) month sentence for violation of 18 U.S.C. § 371 and 18 U.S.C. § 666(a)(1)(A). Plaintiff also asserted that, upon his release from federal prison, defendant planned to issue notification of plaintiff's release pursuant to the provisions of 18 U.S.C. § 4042, 28 C.F.R. § 571.72, BOP Program Statement No. 5110.12 and BOP Program Statement 5141.02. According to plaintiff, defendant planned to issue the notification because of a plaintiff's prior conviction in 1990 for Criminal Sexual Conduct, 4th Degree, in state court. As relief, plaintiff sought, among other things, an order declaring that the

-1-

notification procedures may only be based upon the current federal crime of conviction and that defendant may not issue notification of plaintiff's release.

On June 24, 2008, plaintiff filed a motion for entry of default and default judgment (D/E #12) In that motion, plaintiff argued that he is entitled to an entry of default by defendant and default judgment because defendant had failed to timely respond to plaintiff's motions to expedite the proceedings.

Fed. R. Civ. P. 55 governs the entry of default judgments in federal court. That rule mandates a two-step process for a party who seeks a default judgment in his favor. First, the party wishing to obtain a default judgment must apprise the court that the opposing party has failed to plead or otherwise defend by requesting "by affidavit or otherwise" that the clerk enter default on the docket. Fed. R. Civ. P. 55(a); see also Meehan v. Snow, 652 F.2d 274, 276 (2d Cir.1981). Second, following an entry of default by the clerk, "the party entitled to a judgment by default shall apply to the court therefor." Fed. R. Civ. P. 55(b)(2); see also Meehan, 652 F.2d at 276.

In this case, plaintiff moved for an entry of default and default judgment against defendant on June 24, 2008. However, defendant's answer to plaintiff's complaint was not due until July 7, 2008. Defendant subsequently filed an answer to plaintiff's complaint (D/E #19) and now has a pending motion for summary judgment (D/E #20). Given those filings by defendant, plaintiff's request for entry of default is moot, his request for default judgment is premature, and his motion should be denied.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as

provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Virginia M. Morgan<br>
Virginia M. Morgan<br>
United States Magistrate Judge

Dated: August 29, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U.S. Mail on August 29, 2008.

s/Jane Johnson<br>
Case Manager to<br>
Magistrate Judge Virginia M. Morgan