UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOSEPH HUDSON,

        Plaintiff,                             CIVIL ACTION NO. 08-11273

        v.                                    DISTRICT JUDGE ROBERT H. CLELAND

FEDERAL BUREAU OF PRISONS,      MAGISTRATE JUDGE VIRGINIA M. MORGAN

        Defendants.
_____/

## REPORT AND RECOMMENDATION

### I. Introduction

      This case involves an action by plaintiff to prevent defendant, the Federal Bureau of Prisons (BOP), from notifying state and local authorities of plaintiff's release from prison pursuant to 18 U.S.C. § 4042(b) and (c). The matter comes before the Court on Plaintiff's Motions for Temporary Restraining Order (D/E #14, D/E #16, D/E #17). Defendant has filed a response to plaintiff's most recent motion (D/E #21). For the reasons discussed below, this Court recommends that plaintiff's motions **GRANTED** and that, if defendant has not already notified state and local officials of plaintiff's release, then it should be enjoined from doing so. If, however, defendant has already notified state and local officials of plaintiff's release, then plaintiff's counsel should determine what response to the notification, if any, would be in the best interests of plaintiff and the District Court should adopt that determination.

-1-

## II. Background

### A. Complaint

On March 25, 2008, plaintiff filed the complaint in this matter (D/E #1). In that complaint, plaintiff asserted that he is currently serving a thirty-eight (38) month sentence for violation of 18 U.S.C. § 371 and 18 U.S.C. § 666(a)(1)(A). Plaintiff also asserted that, upon his release from federal prison, defendant planned to improperly issue notification of plaintiff's release pursuant to the provisions of 18 U.S.C. § 4042(b) and (c). According to plaintiff, defendant planned to issue the notification because of a plaintiff's prior conviction in 1990 for Criminal Sexual Conduct, 4th Degree, in state court. As relief, plaintiff sought, among other things, an order declaring both that the notification procedures may only be based upon the current federal crime of conviction and that defendant may not issue notification of plaintiff's release.

### B. Motions Pending Before the Court

On July 3, 2008, plaintiff filed a motion for a temporary restraining order and for injunctive relief and a combined motion for temporary restraining order/injunctive relief (D/E #14, D/E #16). On July 10, 2008, plaintiff filed another combined motion for temporary restraining order and for injunctive relief (D/E #17). In each of those motions, plaintiff argued that he is scheduled for release to a Residential Re-entry Center on July 22, 2008 and that, absent the granting of a temporary restraining order and preliminary injunction stopping defendant from issuing notification of plaintiff's release, he will be irreparably harmed.

On July 17, 2008, defendant filed a response to plaintiff's motions (D/E #21). In that response, defendant argues that the court should not grant plaintiff the extraordinary remedy of a preliminary injunction because plaintiff is not likely to prevail on the merits, plaintiff will not be irreparably harmed by the notification, an injunction would put others at risk, and an injunction would be against the public interest.

**III. Standard**

In determining whether to issue a preliminary injunction, the Court must examine four factors: "(1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction." Overstreet v. Lexington-Fayette Urban County Government, 305 F.3d 566, 573 (6th Cir. 2002). See also Leary v. Daeschner, 228 F.3d 729, 736 (6th Cir. 2000). These factors are not prerequisites, but are factors that are to be balanced against each other. United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Reg'l Transit Auth., 163 F.3d 341, 347 (6th Cir.1998) (citation omitted). A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it. Leary, 228 F.3d at 739 (citations omitted).

**IV. Discussion**

As a preliminary matter, this Court would note that, with respect to the notification of plaintiff's release on the basis that he committed a crime of violence, plaintiff's claim appears to

be moot as the BOP recently granted plaintiff's request that notification not be made pursuant to § 4042(b). (Declaration of Scott Maksimowicz, attached as Exhibit F to Defendant's Motion for Summary Judgment).

With respect to the notification of plaintiff's release on the basis that he is a sex offender, plaintiff may have already been released and the notification may have already been given. According to plaintiff's motions, he was scheduled for release to a Residential Re-entry Center on July 22, 2008. That date has already passed and, on July 18, 2002, plaintiff filed a change of address with the Court (D/E #22). Plaintiff has not, however, withdrawn his motions and the record is silent regarding whether any notification was given. Therefore, this Court will examine each of the four factors used in determining whether to grant a preliminary injunction and make a recommendation as to whether such an injunction should be entered.

### A. Factors

#### 1. Likelihood of Success on the Merits

As discussed above, the first factor in determining whether to grant a preliminary injunction is whether the movant has shown a strong likelihood of success on the merits. Overstreet, 305 F.3d at 573. However, because the Court must consider and balance four factors, the degree of likelihood of success required may depend on the strength of the other factors. In Re DeLorean Motor Co., 755 F.2d 1223, 1229 (6th Cir. 1985). In this case, looking at the first factor alone, plaintiff has demonstrated a strong likelihood of success.

Title 18 U.S.C. 4042(c) provides that, upon the release or sentence of probation of prisoners convicted of certain specified sexual or violent offenses, the BOP is required to give

-4-

notice to the law enforcement offices of the state and local jurisdictions in which the sex offender will reside. § 4042(c)(1). The BOP's notice must include the person's name, his criminal history, any restrictions on conduct or any other conditions of release, and where he will reside.
§ 4042(c)(2). In plaintiff's view, § 4042(c) does not authorize notification where the prisoner's current conviction is not a specified sexual or violent offense.

The two federal courts that have addressed this issue before support plaintiff's claim. In Henrikson v. Guzik, 249 F.3d 395 (5th Cir. 2001), the Fifth Circuit analyzed an inmate's claim that he had been wrongly classified by the BOP as a violent offender under 18 U.S.C. § 4042(b) based on a prior offense, other than the offense for which he was serving his sentence. The Fifth Circuit held that Congress intended § 4042(b) to require notification only if the prisoner's current conviction meets the statutory criteria. Henrikson, 249 F.3d at 396. In reaching that interpretation, the Fifth Circuit examined the three subsections of § 4042(b).

Section 4042(b)(1) lays out the notification scheme and, pursuant to that subsection, the requirement of notification only applies when a prisoner is released on supervised release or when there is a change of address while on supervised release, and ends when supervised release terminates and the full sentence has been served. The Fifth Circuit found that the notification scheme "seems virtually part of the sentence" and held that it would be "illogical to impose the notification requirement to run with the sentence for a crime that does not itself trigger notification." Henrickson, 249 F.3d at 398-99.

Section 4042(b)(2)(B) provides that the notice shall include "the prisoner's criminal history, including a description of the offense of which the prisoner was convicted." The Fifth Circuit found that Congress "clearly" intended for § 4042(b)(2)(B) "to refer to the current conviction, as it was obviously clarifying that it intended 'criminal history' to include the current conviction." Henrickson, 249 F.3d at 399.

Section 4042(b)(3) defines which prisoners are subject to this notice scheme: "A prisoner is described in this paragraph if the prisoner was convicted of ...." The Fifth Circuit found the language of § 4042(b)(3), "if the prisoner was convicted of," to "implicitly refer to a single event-the current conviction." Henrickson, 249 F.3d at 399. The Fifth Circuit also noted that if Congress had intended for a prisoner's past convictions to serve as a trigger for § 4042(b)'s notice requirement, it would have used "words such as 'if the prisoner has been convicted of.' " Henrickson, 249 F.3d at 399.[1]

Moreover, in 2005, the United States District Court for the District of New Jersey applied the reasoning of Henrickson and found that a federal prisoner could not be classified as "sex offender," for purposes of 18 U.S.C. § 4042(c)'s requirement that the BOP give notice of sex offender's release, based on the prisoner's prior state conviction. Simmons v. Nash, 361

---

[1] Henrikson involved § 4042(b), which covers notice provisions for released prisoners convicted of drug trafficking and crimes of violence rather than sex offenses covered by § 4042(c), and the BOP recently granted plaintiff's request that notification not be made pursuant to § 4042(b) for commission of a crime of violence. (Declaration of Scott Maksimowicz, attached as Exhibit F to Defendant's Motion for Summary Judgment). The notification based on § 4042(c), for a sex offense, remains in place and the reasoning in Henrikson is still relevant to this case because the relevant statutory language in § 4042(b) and § 4042(c) is almost identical.

F.Supp.2d 452, 459 (D. N.J. 2005) (Irenas, J.)  Instead, classification could only be based on offense for which prisoner was currently serving sentence.  Simmons, 361 F.Supp.2d at 459.

In its response to plaintiff's motions and its motion for summary judgment, defendant argues that its determination that plaintiff's prior criminal conviction constituted a sexual offense was not arbitrary or capricious on the basis of the facts before defendant and that the notification is, in fact, required by federal law given defendant's decision.  However, by making that argument, defendant does not address plaintiff's interpretation of § 4042(c) or the very issue of this case.  Defendant's implementation of § 4042(c) through 28 C.F.R. § 571.72 and policy statements must adhere to the meaning of the statute.  To the extent that defendant includes as designated offenses convictions other than the current, federal offense for which plaintiff is incarcerated, that decision appears to be invalid given the cases directly on point and plaintiff has demonstrated a strong likelihood of prevailing on the merits.

**2. Irreparable Harm to Plaintiff**

The second factor in determining whether to grant a preliminary injunction is whether the movant will suffer irreparable harm if the injunction is not issued.  Overstreet, 305 F.3d at 573. In this case, while plaintiff does not specifically describe any harm[2], he correctly notes that once

---

[2]Plaintiff's complaint does assert, at one point, that defendant is going to force plaintiff as a sex offender, but the statute only deals with notification.  As argued by defendant, any notification it gives does not require plaintiff to register as a sex offender in Michigan.  Instead, the notification only lets Michigan authorities know that he is being released and plaintiff is free to make his argument to Michigan authorities that he should not have to register as a sex offender.

the notification is given, it cannot be undone. Therefore, this factor weighs in favor of granting the preliminary injunction.

### 3. Substantial Harm to Others and Public Interest

The third and fourth factors used in determining whether to issue a preliminary injunction are whether the issuance of the injunction would cause substantial harm to others and whether the public interest would be served by issuing the injunction. Overstreet, 305 F.3d at 573. Plaintiff does not directly address these factors in his motion while defendant argues that precluding it from notifying state and local law enforcement of plaintiff's release into the community would cause substantial harm to others and be against the interest of the public. According to defendant, as stated in the Guidelines for the Sex Offender Registration and Notification Act[3], programs relating to notification of sex offenders serve a number of important public safety purposes, including allowing prompt apprehension of sex offenders, discouraging re-offenses, and allowing members of the public to use the disclosed information for the protection of themselves and their families, such as declining the offer of a child molester to watch their children or head a youth group. However, plaintiff is being released to a residential re-entry center and, given plaintiff's strong likelihood of success on the merits, there is no indication that the important public safety and policy considerations which underlie the laws regarding notification in this case.

---

[3] Attached as Exhibit J to Defendant's Response to Plaintiff's Third Motion for a Temporary Restraining Order and Injunctive Relief.

## B. Balancing of Factors

The four factors discussed above are not prerequisites for a preliminary injunction and, instead, they are factors that are to be balanced against each other. United Food & Commercial Workers Union, Local 1099, 163 F.3d at 347. In this case, those factors balance out in favor of granting the preliminary injunction. The only federal courts that have decided this issue have found in favor of plaintiff's interpretation of 18 U.S.C. § 4042 and plaintiff has a strong likelihood of prevailing on the merits. Plaintiff will suffer irreparable harm if the preliminary injunction is granted and the preliminary injunction would not impose a substantial risk on others or be against the public interest.

As discussed above, plaintiff may have already been released and the notification may have already been given. According to plaintiff's motions, he was scheduled for release to a Residential Re-entry Center on July 22, 2008. That date has already passed and, on July 18, 2002, plaintiff filed a change of address with the Court (D/E #22). If defendant has not already notified state and local officials of plaintiff's release, then it should be enjoined from doing so. If, however, defendant has already notified state and local officials of plaintiff's release, then plaintiff's relief must take a different form. It is unclear what form that relief should take it and this Court recommends that plaintiff's counsel determine what response, if any, is in the best interests of his client and that the District Court adopt that determination.

## V. Conclusion

For the reasons discussed above, this Court recommends that plaintiff's motions **GRANTED** and that, if defendant has not already notified state and local officials of plaintiff's

release, then it should be enjoined from doing so. If defendant has already notified state and local officials of plaintiff's release, then plaintiff's counsel should determine what response to the notification, if any, would be in the best interests of plaintiff and the District Court should adopt that determination.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Virginia M. Morgan
Virginia M. Morgan
Dated: August 29, 2008         United States Magistrate Judge

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on August 29, 2008.

                                                s/Jane Johnson
                                                Case Manager to
                                                Magistrate Judge Virginia M. Morgan