**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOSEPH HUDSON,

     Plaintiff,

v.                                Case No. 08-CV-11273

FEDERAL BUREAU OF PRISONS,

     Defendant.

_____/

**OPINION AND ORDER (1) SUSTAINING DEFENDANT'S OBJECTIONS, (2)
REJECTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (3)
DENYING PLAINTIFF'S MOTIONS FOR A TEMPORARY RESTRAINING ORDER
AND (4) GRANTING DEFENDANT'S "MOTION FOR SUMMARY JUDGMENT"**

Pending before the court are motions filed by both parties.  First, Plaintiff Joseph

Hudson filed a number of motions seeking a temporary restraining order and injunctive

relief.[1]  Second, Defendant filed a motion for summary judgment.  Magistrate Judge

Virginia Morgan issued a Report and Recommendation ("R&R") on Plaintiff's combined

motion, to which Defendant filed objections.  For the reasons stated below, the court will

sustain Defendant's objections, reject the magistrate judge's R&R, deny Plaintiff's

combined motion for a temporary restraining order and grant Defendant's motion for

summary judgment.

_____

[1] Plaintiff filed two motions on July 3, 2008, and a third motion on July 10. 2008,
all seeking a temporary restraining order and injunctive relief.  Because all three
motions are duplicate copies, the court now, for the sake of simplicity, treats the
three motions as one combined motion.

# I. BACKGROUND

Plaintiff was a federal prisoner who, until July 22, 2008, was incarcerated at the Federal Correctional Institution in Milan, Michigan. (Compl. at 2; Pl.'s Resp. at 5.) Prior to his release, Plaintiff was serving a thirty-eight month sentence under 18 U.S.C. § 371 and 18 U.S.C. § 666(a)(1)(A). (Compl. at 4.) In 1990, Plaintiff entered a nolo contendere plea to a Michigan state charge of criminal sexual conduct in the fourth degree under Mich. Comp. Laws § 750.520e. (*Id.*) Plaintiff's 1990 pre-sentence report described the facts of his charge:

> This offense occurred on November 15, 1989, when the female victim telephoned JOSEPH HUDSON to purchase cocaine. The victim stated she was invited to the defendant's apartment to buy the drugs. While in the apartment, the defendant gave the victim an alcohol drink. Immediately after consuming it, the victim felt light-headed and numb. The defendant laid out a couple lines of cocaine and the victim recalled snorting a line and then passing out. The victim woke up and found all of her clothes had been removed and the defendant was performing a sex act on her. She could not speak or move. As she became more alert, the defendant sexually assaulted her while pulling at her hair and instructing her to "talk dirty." The victim complied because she feared for her safety. After the assault was over, the victim got dressed and attempted to exit the apartment. According to the victim, the defendant demanded that she perform a sexual act on him before she left. The victim protested, but gave in as she continued to fear for her safety.

(Def.'s Mot., Ex. C.) Plaintiff alleges that Defendant, in reliance on this 1990 conviction, planned to notify state and local officials of Plaintiff's impending release from federal custody. (*Id.*) Plaintiff's original complaint seeks injunctive relief and he filed what became a combined motion seeking a temporary restraining order and a preliminary injunction to prevent Defendant from issuing any notification. (Pl.'s 7/10/08 Mot. at 2-3.) Defendant filed the pending motion for summary judgment, arguing that Defendant has a legal duty to notify state and local authorities of Plaintiff's impending release. Before

the court issued any ruling, Plaintiff was released from federal prison and moved to a residential re-entry facility. (Def.'s Resp. at 1.) At the same time, Defendant provided notification of Plaintiff's release to state and local authorities. (*Id.*)

Plaintiff filed his original complaint on March 25, 2008. Before Defendant's answer, Plaintiff filed his three motions which the court construes as one combined motion for a temporary restraining order and injunctive relief. Defendant filed an answer to the complaint, a response to Plaintiff's motion, and a motion for summary judgment. The court referred pretrial matters to Magistrate Judge Virginia Morgan on June 27, 2008. The magistrate judge issued a R&R recommending that Plaintiff's motion for injunctive relief be granted. Defendant filed objections to the R&R, and Plaintiff filed a reply to the objections. In considering the R&R, the court noted that the issues addressed duplicated those presented in Defendant's pending summary judgment motion. In light of that fact, and because the court typically finds it more efficient to resolve dispositive motions itself, the court withdrew the reference to the magistrate judge on October 20, 2008.

## II. STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories,

admissions and affidavits in the record, construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate." *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

The court does not weigh the evidence to determine the truth of the matter, but rather, to determine if the evidence produced creates a genuine issue for trial. *Sagan*, 342 F.3d at 497 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party must first show the absence of a genuine issue of material fact. *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 934 (6th Cir. 2000) (citing *Celotex*, 477 U.S. at 323). The burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). They must put forth enough evidence to show that there exists a genuine issue to be decided at trial. *Plant*, 212 F.3d at 934 (citing *Anderson*, 477 U.S. at 256). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson*, 477 U.S. at 251-52 (1986).

The existence of a factual dispute alone does not, however, defeat a properly supported motion for summary judgment – the disputed factual issue must be material. *See id.* at 252 ("The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict – 'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.'" (alteration in original)(citation omitted)). A fact is "material" for purposes of summary judgment

when proof of that fact would establish or refute an essential element of the claim or a defense advanced by either party. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (citation omitted).

## III. DISCUSSION

Plaintiff's original complaint and combined motion seek to prevent Defendant from providing notification of Plaintiff's release from incarceration under both 18 U.S.C. §§ 4042(b)[2] and 4042(c). Defendant's motion, on the other hand, asks the court to find, as a matter of law, that Defendant was obligated to notify state and local officials of Plaintiff's release under § 4042(c).[3]

### A. Notification Requirements of 18 U.S.C. § 4042

Section 4042 of Title 18 of the United States Code provides a non-exclusive list of Defendant's duties. Those duties include providing "[n]otice of sex offender release" to state and local officials in some circumstances. 18 U.S.C. § 4042(c).[4] One class of

---

[2] Plaintiff originally complained that his state conviction was not a crime of violence, and thus Defendant could not notify state and local officials of his release under 18 U.S.C. § 4042(b). (Compl. at 5-6.) Defendant now agrees, and no longer plans to notify officials under § 4042(b). (Def.'s Mot. at 5.)

[3] Because the notification of release, and actual release, have already occurred, the matter may initially appear moot. The court notes, however, that if Plaintiff were to prevail on either his complaint or later motions, Defendant might be equitably compelled to remedy the notification through some form of re-notification. As such, the court finds the issues presented are not moot and are justiciable.

[4] (c) Notice of sex offender release.--(1) In the case of a person described in paragraph (3), or any other person in a category specified by the Attorney General, who is released from prison or sentenced to probation, notice shall be provided to–

(A) the chief law enforcement officer of the State and of the local

5

persons for which the duty to applies is "a person described in paragraph (3)," *id.*, which in turn defines the class as including "a person who is released from prison and required to register under the Sex Offender Registration and Notification Act . . . ." § 4042(c)(3). Thus, if a person is released from prison, and required to register under the Sex Offender Registration and Notification Act ("SORNA"), Defendant is statutorily required to provide notification to state and local officials.

SORNA, codified at 42 U.S.C. §§ 16901-16962, prescribes different registration requirements based on a released person's "Tier," or level of offense for which registration is required. Defendant argues that Plaintiff is a Tier III sex offender. (Def.'s Mot. at 8.) Plaintiff counters that his state offense does not place him into any Tier of sex offender status, and maintains, for argument's sake, that at most he could be classified under SORNA as a Tier I sex offender. (Compl. at 8.) The difference is important, for if Plaintiff is not required to register under SORNA, Defendant's notification argument necessarily fails.[5] If Plaintiff is properly classified as a Tier III sex

---

jurisdiction in which the person will reside; and
(B) a State or local agency responsible for the receipt or maintenance of sex offender registration information in the State or local jurisdiction in which the person will reside.

[5] If the court adopts Plaintiff's reasoning, there are two scenarios where Plaintiff would not be required to register under SORNA. First, if Plaintiff's state offense does not fall under SORNA, Plaintiff would clearly not be a "a person who is released from prison and required to register under the Sex Offender Registration and Notification Act . . . ," § 4042(c)(3), and therefore Defendant would not be legally obligated to notify state and local officials under § 4042(c). Further, if Plaintiff is classified as a Tier I sex offender, SORNA would only require Plaintiff to register for a maximum of fifteen years after the offense (excluding time in custody). 42 U.S.C. § 16915(a)(1). Because Plaintiff's state offense occurred approximately nineteen years ago, Plaintiff would no longer be required to register under SORNA, and thus Defendant would not be obligated to

offender, however, and barring any other statutory or constitutional limitations, Defendant must notify state and local officials of Plaintiff's release.[6]

SORNA defines a Tier III sex offender as one whose offense is "punishable by imprisonment for more than 1 year and . . . is comparable to or more severe than . . . aggravated sexual abuse or sexual abuse (as described in sections 2241 and 2242 of Title 18)" 42 U.S.C. § 16911(4)(A). Section 2241 of Title 18 defines aggravated sexual abuse as "administer[ing] to another person . . . without the knowledge or permission of that person, a drug, intoxicant, or other similar substance and thereby . . . substantially impair[ing] the ability of that other person to appraise or control conduct; and engag[ing] in a sexual act with that other person." 18 U.S.C. § 2241. Sexual abuse is defined as "engag[ing] in a sexual act with another person if that other person is . . . incapable of appraising the nature of the conduct." 18 U.S.C. § 2242.

### B. Plaintiff's State Offense

There is no genuine issue of material fact that Plaintiff's state offense, at a minimum, constituted sexual abuse under § 2241. As a result of Plaintiff's state offense, he pleaded nolo contendere to criminal sexual conduct in the fourth degree. (Compl. at 4.) In Michigan, this charge is "a misdemeanor punishable by imprisonment for not more than 2 years . . . ." Mich. Comp. Laws § 750.520e (2008).[7] As described in

---

report Plaintiff's release.

[6] If Plaintiff is classified as a Tier III sex offender, he is required to maintain current register, under SORNA, for life. 42 U.S.C. § 16915(a)(3).

[7] At the time of Plaintiff's 1989 state court plea, the criminal sexual conduct in the fourth degree statute was slightly different, though the possible penalties were exactly the same,

Plaintiff's pre-sentence report, his victim drank "an alcohol drink" and "snort[ed] a line" of cocaine before passing out.  (Def.'s Mot., Ex. C.)  Upon waking up, the victim found "all of her clothes had been removed and the defendant was performing a sex act on her." (*Id.*)  At that moment, and presumably still under the influence of some intoxicant, the victim found "[s]he could not speak or move."  (*Id.*)  Further, "the defendant demanded that [the victim] perform a sexual act on him before she left.  The victim protested, but gave in as she continued to fear for her safety."  (*Id.*)

Reasonable minds could possibly debate whether Plaintiff's state offense constitutes "administer[ing] to another person by force or threat of force, or with knowledge or permission of that person" a drug or intoxicant, as required under the § 2241 definition of aggravated sexual abuse.[8]  But there can be no similar debate, and

_____

750.520e. Fourth degree criminal sexual conduct

(1) A person is guilty of criminal sexual conduct in the fourth degree if he or she engages in sexual contact with another person and if any of the following circumstances exists:
    (a) Force or coercion is used to accomplish the sexual contact. Force or coercion includes but is not limited to any of the circumstances listed in section 520b(1)(f)(i) to (iv).
    (b) The actor knows or has reason to know that the victim is mentally incapable, mentally incapacitated, or physically helpless.
    . . .
*(2) Criminal sexual conduct in the fourth degree is a misdemeanor punishable by imprisonment for not more than 2 years, or by a fine of not more than $500.00, or both.*

Mich. Comp. Laws § 750.520e (1989) (emphasis added).

[8] As described in Plaintiff's pre-sentence report, it is unclear whether Plaintiff's victim ingested an intoxicant dissolved in the alcohol she voluntarily drank, which made her feel "[i]mmediately . . . light-headed and numb."  (Def.'s Mot., Ex. C.) As to the cocaine, the evidence in the pre-sentence report demonstrates that the victim voluntarily ingested the drug.

no genuine issue for trial, as to whether his actions amount to "engaging in a sexual act with another person if that other person is incapable of appraising the nature of the conduct," the definition of sexual abuse under § 2242. When Plaintiff removed the clothes of the victim and began to perform a sexual act on her, the victim was unconscious.[9] No reasonable juror could disagree that an unconscious victim is "incapable of appraising the nature of the conduct," § 2242, and thus Plaintiff's state offense, at the least, constituted sexual abuse. Because the court finds there is no issue of material fact that Plaintiff's state offense is comparable to sexual abuse, and was an offense punishable by imprisonment for more than one year, Plaintiff is properly classified as a Tier III sex offender under SORNA. 42 U.S.C. § 16911(4).

## C. Plaintiff's Arguments Against Release Notification

Before the court can conclude, as a matter of law, that Plaintiff's classification as a Tier III sex offender conclusively dictates that Defendant is obligated to notify state and local officials of Plaintiff's release, the court must address another dimension to this matter. Plaintiff's original complaint and later response to this motion argue that SORNA's registration requirements do not apply to him because of the relative antiquity of his state plea. Specifically, Plaintiff argues either SORNA was not meant to apply retroactively to prior offenses, or has not been interpreted by the federal courts in that manner. (Compl. at 5-6; Pl.'s Resp. at 8-10, 13.) Plaintiff also argues that even if SORNA should apply retroactively by its own terms, and require him to register for an

---

[9] As stated in the pre-sentence report, the victim passed out and awoke to find Plaintiff had already removed her clothes and had begun performing a sexual act on her. (Def.'s Mot., Ex. C.)

9

offense to which he pleaded nolo contendere approximately nineteen years ago, the statute violates the ex post facto clause of the United States Constitution in that it is "clearly a punitive statute . . . ."  (Pl.'s Resp. at 14.)  All three of Plaintiff's arguments are without merit, and the court finds there is no genuine issue for trial that SORNA's registration requirement, and Defendant's duty to notify by association, were intended to, and do constitutionally apply, retroactively.

### 1.  Statutory Intent to Apply SORNA Retroactively

SORNA provides explicit authority for the Attorney General to define the retroactive effect of the Act.  42 U.S.C. § 16913(d).  Pursuant to that authority, the Department of Justice's regulations implementing SORNA make clear that it was intended to include coverage for offenses that occurred before the act's implementation.  Namely, § 72.3 of Title 28 of the Code of Federal Regulations states "The requirements of [SORNA] apply to all sex offenders, *including sex offenders convicted of the offense for which registration is required prior to the enactment* of [SORNA.]"  28 C.F.R. § 72.3 (emphasis added).  Further, the Attorney General has issued guidelines for implementing the act.  The guidelines establish that:

> The applicability of the SORNA requirements is not limited to sex offenders whose predicate sex offense convictions occur following a jurisdiction's implementation of a conforming registration program.  Rather, SORNA's requirements took effect when SORNA was enacted on July 27, 2006, and they have applied since that time to all sex offenders, *including those whose convictions predate SORNA's enactment.*

The National Guidelines for Sex Offender Registration and Notification, 73 Fed. Reg. 38,030, 38,046 (July 2, 2008) (emphasis added).  The Guidelines continue to note that jurisdictions may have difficulty identifying sex offenders who are no longer in the

criminal justice system, so SORNA is intended to apply when the offender "hereafter reenter[s] the jurisdiction's justice system because of conviction for some other crime (whether or not a sex offense)." *Id.* Thus, contrary to Plaintiff's assertion, SORNA is intended to retroactively to prior convictions. Indeed, the implementing Guidelines make note of Plaintiff's exact circumstances as one who reenters the justice system because of some other offense.

Plaintiff argues that, because SORNA was not enacted until July 27, 2006, and the Attorney General did not make explicit the Act's retroactive effect until February 28, 2007, Plaintiff's November 21, 2005 conviction does not bring him within the Act. Plaintiff bases his conclusion on the "gap" analysis employed by the Eleventh Circuit in *United States v. Madera*, 528 F.3d 852 (11th Cir. 2008). The question, in that case, was "whether SORNA [could] be retroactively applied to [the defendant] who was convicted prior to SORNA's enactment and prosecuted prior to the promulgation of the Attorney General's rule." *Id.* at 857. Thus, the "gap" that court analyzed was focused on a prosecution under rules that the Attorney General had not yet created. The court here is faced with a different issue in two main respects. First, *Madera* was a prosecution for a failure to register. Plaintiff is not being prosecuted, nor is Defendant even arguing, that Plaintiff must register with any state authority.[10] Second, the *Madera* court stated "[i]t is now clear, following the Attorney General's pronouncement . . . that

---

[10] The court notes that Plaintiff has argued at various times that Defendant is without authority to force Plaintiff to register as a sex offender. (*See e.g.*, Compl. at 9.) As Defendant correctly observes, the issue of registration is not before the court. (Def.'s Reply at 1.) Defendant seeks only to *notify* state and local officials, not compel Plaintiff's registration. (*Id.*)

SORNA is to be retroactively applied to sex offenders convicted prior to SORNA's enactment." *Id.* Plaintiff's reliance on prosecutions for failure to register, before the Attorney General promulgated rules enforcing SORNA, is misplaced and meritless.

## 2. Case Law Interpretations of 18 U.S.C. § 4042

Plaintiff relies heavily on case law which he argues show the § 4042 notification requirement only applies to the offense for which a person is currently incarcerated, not to a previous conviction. (Compl. at 5-6; Pl.'s Resp. at 9-10) (citing *Henrickson v. Guzik*, 248 F.3d 395 (2001)). *Henrickson*, however, and the other cases Plaintiff relies upon to interpret § 4042(c), apply to the previous version of § 4042, which was significantly amended in 2006. The previous version of the statute, which Plaintiff relies on, required notice to be provided for any person:

> (4) . . . convicted of any of the following offenses (including such an offense prosecuted pursuant to section 1152 or 1153):
>
> (A) An offense under section 1201 involving a minor victim.
> (B) An offense under chapter 109A.
> (C) An offense under chapter 110.
> (D) An offense under chapter 117.
> (E) Any other offense designated by the Attorney General as a sexual offense for purposes of this subsection.

42 U.S.C. § 4042(c) (2006). Some courts, as Plaintiff correctly asserts, interpreted the prior statute's language to proscribe notification based on a prior state conviction. *See e.g.*, *Simmons v. Nash*, 361 F. Supp. 2d 452, 459 (D.N.J. 2005). The new version of the statute, as amended in 2006 by the *Adam Walsh Child Protection and Safety Act of 2006*, Pub. L. No. 109-248, § 141, 120 Stat 587, 603-4 (2006), completely altered the scope of individuals subject to notification upon release. The statute removed the above quoted § 4, and required notice to be provided for any person now identified in a

new § 3, which includes any "person who is released from prison and required to register under the Sex Offender Registration and Notification Act . . . ." 18 U.S.C. § 4042(c)(3) (2006). Plaintiff's arguments, based on case law decided before the advent of SORNA and the changes its implementation necessitated, are without merit.

### 3. Ex Post Facto Nature of SORNA Retroactivity

Finally, Plaintiff argues that the retroactive nature of SORNA is a violation of the United States Constitution's prohibition on ex post facto laws. (Pl.'s Resp. at 14.) The Constitution admonishes Congress that "[n]o Bill of Attainder or ex post facto Law shall be passed." U.S. Const. art. I, § 9. As "useful guideposts" in analyzing the ex post facto nature of a law, the court applies several factors. *Smith v. Doe I*, 538 U.S. 84, 97 (2002) (citing *Kennedy v. Mendoza-Martinez*, 372 U.S. 144 (1963)). In analyzing the ex post facto nature of a sexual offender notification law, the most relevant factors are "whether, in its necessary operation, the regulatory scheme: has been regarded in our history and traditions as a punishment; imposes an affirmative disability or restraint; promotes the traditional aims of punishment; has a rational connection to a nonpunitive purpose; or is excessive with respect to this purpose." *Smith*, 538 U.S. at 97. Significantly though, the court should not "treat dissemination of truthful information in furtherance of a legitimate governmental objective as punishment." *Id.* at 98. Thus, while increasing a criminal penalty under SORNA's retroactive applicability would violate the ex post facto clause, *United States v. Smith*, 481 F. Supp. 2d 846, 852-53 (E.D. Mich. 2007), merely requiring a person to register under SORNA for a past conviction is not punitive in nature. *Smith*, 538 U.S. at 96 (analyzing Alaska's Sex Offender Registration Act's retroactive effect requiring respondents to register for convictions

13

occurring before the Act's passage into law.).  Requiring registration, which compels a person to take some affirmative steps - and which has been upheld as non-violative of the ex post facto clause - imposes an even greater burden than present here, where Defendant is not requiring Plaintiff to take any action.  The court finds that there is no genuine issue of material fact that the notification requirement is the type of "civil, nonpunitive regime" that does not violate any prohibition against ex post facto laws.[11]

*Id.*

## IV.  PLAINTIFF'S COMBINED MOTION

As mentioned above, Defendant filed a response to Plaintiff's combined motion on July 17, 2008.  Defendant's response, however, did not properly state Defendant's grounds for opposition, instead only incorporating by reference the grounds contained in its motion for summary judgment.  (Def.'s 7/17/08 Resp. at 2, "In this case, for the same reasons that defendant has sought summary judgment in this case, plaintiff cannot establish a likelihood of success on the merits. *See* Defendant's Motion for Summary Judgement and Brief in Support, filed concurrently with this Response.")  The magistrate judge issued an R&R on Plaintiff's combined motion, noting that Defendant had not provided sufficient grounds to contest Plaintiff's position.  (R&R at 7.)  If Defendant's response had properly presented its position and not merely relied on an

---

[11] Plaintiff also briefly argues that SORNA's placement within Title 18 of the United States Code demonstrates Congressional intent to elevate the scheme to felony status and imply a punitive goal, violating the ex post facto clause.  (Pl.'s Resp. at 14.)  "The location and labels of a statutory provision do not by themselves transform a civil remedy into a criminal one." *Smith*, 538 U.S. at 94 (holding sex offender registration provisions, placed in state's criminal procedure code, are civil and nonpunitive in nature.).

oblique incorporation by reference, the magistrate judge would have been presented with, and could have considered, the current legal framework before issuing the R&R in this matter. Because Defendant did not, the magistrate judge was left with Plaintiff's interpretation of an outdated statute, and recommended granting Plaintiff's motion because of Plaintiff's high likelihood of success on the merits. (R&R at 7.)

The court has now been presented with the proper legal framework, including the argument contained in Defendant's summary judgment motion and articulated in Defendant's objections to the R&R.[12] As such, and because the court finds as a matter of law, that Plaintiff is a covered person under SORNA's definition of a sex offender, requiring Defendant to notify state and local officials of Plaintiff's release, the court rejects the R&R recommending otherwise. Therefore, Plaintiff's combined motion for a temporary restraining order and other injunctive relief, seeking to prevent any notice of his release, is denied.

---

[12] The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). The purpose of timely objections is to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Walters*, 638 F.2d at 949-50.

## V. CONCLUSION

For the reasons stated above, IT IS ORDERED that Defendant's Objections to the Report and Recommendation [Dkt. # 28] are SUSTAINED and that the magistrate judge's Report and Recommendation [Dkt. # 26] is REJECTED.

IT IS FURTHER ORDERED that Plaintiff's Motions for a Temporary Restraining Order and for Injunctive Relief [Dkt. ## 14, 16, 17] are DENIED.

Finally, IT IS ORDERED that Defendant's Motion for Summary Judgment [Dkt. # 20] is GRANTED.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: October 28, 2008


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 28, 2008, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522